IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD MCGINNIS, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES COLD STORAGE, INC.,<br><br>　　　　　Defendant. | Case No. 1:17-cv-08054<br><br>Hon. Edmond E. Chang<br><br>Magistrate Judge Sheila Finnegan |

## JOINT INITIAL STATUS REPORT

The parties, by and through their respective undersigned counsel, having conferred on this matter, hereby submit their Joint Initial Status Report pursuant to the Court's standing order.

**1.　NATURE OF THE CASE**

　a.　The attorneys of record are as follows:

　　*PLAINTIFF'S COUNSEL*　　　　　　　*DEFENDANT'S COUNSEL*
　　Alejandro Caffarelli (lead trial attorney)　　Anne E. Larson (lead trial attorney)
　　Lorrie T. Peeters　　　　　　　　　　Dana Perminas
　　Caffarelli & Associates Ltd.　　　　　Ogletree, Deakins, Nash, Smoak & Stewart
　　224 S. Michigan Avenue　　　　　　　155 N. Wacker Drive
　　Suite 300　　　　　　　　　　　　　Suite 4300
　　Chicago, IL 60604　　　　　　　　　Chicago, IL 60606

　b.　The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds $75,000 and is between citizens of different states.

　c.　This is a putative class action under the Biometric Information Privacy Act, 740 ILCS 14/ l, *et seq.* ("BIPA"), based on Defendant's alleged failure to:

　　•　Properly inform Plaintiff and Class members in writing of the specific purpose and length of time for which their fingerprints and/or handprints were being

- collected, stored, and used, as required by BIPA;
- Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and the Class's fingerprints and/or handprints, as required by BIPA; or
- Receive a written release from Plaintiff or the members of the Class to collect, capture, or otherwise obtain their fingerprints and/or handprints, as required by BIPA.

d. Plaintiff believes that the major factual and legal issues in the case include the nature and duration of Defendant's biometric identification and timekeeping policies; the uniform application of Defendant's policies and practices; the number of individuals affected by Defendant's policies and practices; whether Defendant properly informed Plaintiff and the putative class members under BIPA; whether Defendant made available any kind of retention schedule or guidelines as required by BIPA; whether Defendant obtained written releases from Plaintiff and putative class members as required by BIPA; and if Defendant violated BIPA, whether its violation was willful or negligent.

Defendant believes that the major factual and/or legal issues in the case are:

- whether Plaintiff has Article III and statutory standing to bring this claim;

- whether Plaintiff's claim was timely filed within the applicable statute of limitations;

- whether Plaintiff is aggrieved by a mere procedural violation of BIPA, as alleged;

- whether Defendant sold, leased, traded or otherwise profited from plaintiff's biometric identifier and/or biometric information;

- whether Defendant used a reasonable standard of care in handling Plaintiff's biometric information, and whether it was collected, used and stored in an encrypted form that cannot be reverse engineered to return it to its original form;

- whether Defendant failed to destroy Plaintiff's biometric information within three years of his discharge or last day worked; and

- whether Plaintiff can satisfy the requirements for class certification under FRCP 23.

e. Plaintiff seeks class certification of his claim, a finding that Defendant's conduct violates BIPA, injunctive relief, and the award of statutory liquidated damages and attorneys' fees and costs to Plaintiff and the proposed Class.

Defendant's planned Motion to Dismiss will respectfully request the Court to dismiss the Complaint with prejudice, with costs and attorney's fees to Defendant, and award Defendant any other relief that the Court deems just and equitable.

**2. PENDING MOTIONS AND CASE PLAN**

a. Defendant's counsel has waived service of process pursuant to FRCP 4.

b. There are no pending motions. Defendant's responsive pleading is due by January 8, 2018, and it intends to file a Motion to Dismiss in light of the Second Circuit's recent ruling affirming dismissal of a putative BIPA class action for lack of Article III standing in *Santana v. Take-Two Interactive Software, Inc.*, 2017 WL 5592589 (2nd Cir. Nov. 21, 2017).

c. According to the Court's initial orders in this matter, this case is participating in the Mandatory Initial Discovery Pilot ("MIDP") Project.

However, in light of the Second Circuit's recent dismissal of a putative BIPA class action for lack of Article III standing in *Santana v. Take-Two Interactive Software, Inc.*, 2017 WL 5592589 (2nd Cir. Nov. 21, 2017) and the purely legal issues posed by the planned Motion to Dismiss, Defendant respectfully requests this Court to re-consider whether it is appropriate for this case to participate in the MIDP Project. If the court were to grant the planned Motion to Dismiss, the case may be dismissed with prejudice or for lack of subject matter jurisdiction. Significant attorney's fees and costs will be avoided if the Court first rules on the planned Motion to Dismiss before the parties engage in the time-consuming and expensive discovery contemplated by the Pilot Project, such as the initial discovery responses, ESI disclosures and ESI production.

   i. General discovery to be exchanged.

   Plaintiff anticipates that Defendant will submit the following types of discovery as part of the mandatory initial disclosures per the MIDP Project: policies regarding Defendant's biometric identification timekeeping system; evidence regarding communications to Plaintiff and class members regarding the biometric system; all publicly available retention schedules and guidelines regarding the system, including dates and manner of publication; any written release or consent forms obtained with respect to the biometric system; and the identification, at least by number and dates of employment, of any individual included in the putative class.

   U.S. Cold Storage proposes that discovery not be initiated until after the Court rules on Defendant's planned Motion to Dismiss, as there are meritorious arguments for dismissal based on Article III standing, given the Second Circuit's recent ruling affirming dismissal of a putative BIPA class action in *Santana v. Take-Two Interactive Software, Inc.*, 2017 WL 5592589 (2nd Cir. Nov. 21, 2017).

3

> U.S. Cold Storage believes that significant attorney's fees and costs will be saved if the Court first rules on the planned Motion to Dismiss, rather than have the parties proceed with the involved, time-consuming and expensive discovery contemplated by the Pilot Project. U.S. Cold Storage proposes that the Court schedule a status conference approximately 14 days after it rules on the Motion to Dismiss to set deadlines for the completion of fact discovery, expert discovery, for Plaintiff's motion for class certification motion and for the filing of dispositive motions, if needed.

ii. MIDP disclosures are due to be exchanged on 2/7/18 and ESI disclosures are due by 3/19/18, unless the Court stays this deadline or excepts the parties from the MIDP Project, pending ruling on Defendant's planned Motion to Dismiss. *See* Sections 2(b), 2(c), 2(c)(i); *see also Santana v. Take-Two Interactive Software, Inc.*, 2017 WL 5592589 (2nd Cir. Nov. 21, 2017).

iii. The parties have not yet discussed their Mandatory Initial Discovery disclosures, given the current February 7, 2018 due date and Defendant's request that the deadline be stayed or the case excepted from the MIDP Project. *See* Sections 2(b), 2(c), 2(c)(i); *see also Santana v. Take-Two Interactive Software, Inc.*, 2017 WL 5592589 (2nd Cir. Nov. 21, 2017).

iv. Plaintiff proposes that the date for issuing the first-set of written discovery requests is 4/16/18. Defendant respectfully requests that this deadline not be set until the Court rules on Defendant's planned Motion to Dismiss. *See* Sections 2(b), 2(c), 2(c)(i); *see also Santana v. Take-Two Interactive Software, Inc.*, 2017 WL 5592589 (2nd Cir. Nov. 21, 2017). Alternatively, if the Court is going to set a deadline for issuing the first set of written discovery requests, Defendant requests that it be 5/15/18.

v. Plaintiff proposes that fact discovery be completed by 6/22/18.

   Defendant respectfully requests that this deadline not be set until the Court rules on Defendant's planned Motion to Dismiss, which may obviate the need for any discovery. *See* Sections 2(b), 2(c), 2(c)(i); *see also Santana v. Take-Two Interactive Software, Inc.*, 2017 WL 5592589 (2nd Cir. Nov. 21, 2017). Alternatively, if the Court is going to set a fact discovery deadline, Defendant requests that it should be 8/31/18.

vi. Plaintiff does not expect the need for expert discovery.

   Defendant is currently analyzing whether expert testimony will assist in determining any of the claims and defenses asserted by the parties, and if so the extent to which it will be needed. As a result, Defendant asks this Court to defer setting expert discovery deadlines at this time or, in the alternative, set it for 10/31/18.

    vii. Plaintiff requests that the deadline for filing dispositive motions and any motions for class certification be 8/6/18. Defendant respectfully requests that this deadline not be set until the Court rules on Defendant's planned Motion to Dismiss. *See* Sections 2(b), 2(c), 2(c)(i); *see also Santana v. Take-Two Interactive Software, Inc.*, 2017 WL 5592589 (2nd Cir. Nov. 21, 2017). Alternatively, if the Court is going to set a dispositive deadline, Defendant requests that it should be 1/15/19.

d. N/A (for cases not in the Mandatory Initial Discovery Pilot Project)

e. A jury trial has been requested. The probable length of trial is 5 to 10 days.

f. The parties agree to service of pleadings by electronic means under Fed. R. Civ. P. 5(b)(2)(E).

**3. CONSENT TO PROCEED BEFORE THE MAGISTRATE**

a. The parties do not consent to proceed before the Magistrate Judge.

**4. STATUS OF SETTLEMENT DISCUSSIONS**

a.-c. Plaintiff has raised the prospect of a global settlement addressing the single plaintiff race discrimination case he filed *pro se* in 2016 and this BIPA case. *See Richard McGinnis v. U.S. Cold Storage*, Case No. 1:16-cv-8841. Caffarelli & Associates Ltd. recently appeared for plaintiff in his 1:16-cv-8841 case.

Defendant recommends that the parties wait to address settlement until after the Court rules on Defendant's Motion to Dismiss in this case. Defendant also has a Motion to Dismiss pending in the 1:16-cv-8841 case.

Dated: December 18, 2017

Respectfully submitted,

| | |
|---|---|
| RICHARD MCGINNIS | UNITED STATES COLD STORAGE, INC. |
| By: /s/ Lorrie T. Peeters | By: /s/ Anne Larson |
| Lorrie T. Peeters (#6290434) | Anne E. Larson (#6200481) |
| Alejandro Caffarelli (#6239078) | Dana Perminas (#6298057) |
| Caffarelli & Associates Ltd. | Ogletree, Deakins, Nash, Smoak & Stewart, PC |
| 224 S. Michigan Avenue, Suite 300 | 155 N. Wacker Drive, Suite 4300 |
| Chicago, IL 60604 | Chicago, IL 60606 |
| 312.763.6880 | 312.558.1220 |
| lpeeters@caffarelli.com | *anne.larson@ogletree.com* |
| acaffarelli@caffarelli.com | *dana.perminas@ogletree.com* |

5

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on December 18, 2017, the foregoing *Joint Initial Status Report* was filed electronically with the Clerk of Court using the ECF system, which sent notification of such filing to:

Anne E. Larson (#6200481)
Dana Perminas (#6298057)
Ogletree, Deakins, Nash, Smoak & Stewart, PC
155 N. Wacker Drive, Suite 4300
Chicago, IL 60606
*anne.larson@ogletree.com*
*dana.perminas@ogletree.com*

/s/ Lorrie T. Peeters
One of Plaintiff's Attorneys