IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD MCGINNIS, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 17cv8054<br>)<br>) Judge Edmond E. Chang |
| UNITED STATES COLD STORAGE, INC., | )<br>) Magistrate Judge Sheila Finnegan |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**

Defendant United States Cold Storage, Inc. ("US Cold Storage" or "defendant") hereby moves to dismiss the Complaint filed by plaintiff Richard McGinnis ("McGinnis" or "plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to file within the applicable two-year statute of limitations (35 ILCS 5/13-202),[1] as set forth below:

**INTRODUCTION**

This is an action under the Biometric Information Privacy Act, 740 ILCS 14/l, *et seq.* ("BIPA" or "Act"). Count I alleges that defendant violated Section 15(b)'s notice and consent requirements by allegedly collecting plaintiff's biometric identifier or biometric information without the disclosures and written consent required by BIPA. Count II asserts defendant negligently breached its duty to collect, store and use plaintiff's biometric identifier or biometric information in compliance with BIPA's statutory requirements. In Illinois, claims for statutory penalties and personal injuries are governed by a two-year statute of limitations. *See* 35 ILCS

---

[1] Defendant initially contemplated a motion to dismiss premised on standing but now concedes that original jurisdiction exists. Defendant is instead filing a Rule 12(b)(6) Motion to Dismiss for failure to state a claim, as plaintiff failed to file within the two-year statute of limitations. Accordingly, in compliance with the MIDP Project, defendant will also contemporaneously file its answer to the complaint.

5/13-202.

Here, plaintiff alleges he "worked for US Cold from 2011 until in or around April 2015." However, plaintiff did not file his Complaint until November 7, 2017, more than two years after his employment ended with US Cold Storage. In fact, the Complaint's allegations show that this lawsuit was filed more than five years after plaintiff knew or should have known of his BIPA claims. Whether the two-year limitations period is calculated from the termination of plaintiff's employment or the accrual of the cause of action, this lawsuit is untimely and must be dismissed under Rule 12(b)(6) for failure to state a claim.

## STANDARD FOR RULE 12(b)(6) MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for failure to state a claim upon which relief can be granted. To survive dismissal, the Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 12(b)(6) and 8(a)(2); *EEOC v. Concentra Health Servs., Inc.*, 496 F. 3d 773, 776 (7th Cir. 2007).

In ruling on a motion to dismiss, a court views the complaint in the light most favorable to the plaintiff, accepting all well-pleaded facts as true and drawing all reasonable inferences in the plaintiff's favor. *Abcarian v. McDonald*, 617 F. 3d 931, 933 (7th Cir. 2010). If plaintiff's allegations themselves demonstrate that his claim is barred by the statute of limitations, the complaint must be dismissed for failure to state a claim. *See Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011) (case dismissed under Rule 12(b)(6) when the statute of limitations defense was apparent on the complaint's face).

## THE BIOMETRIC INFORMATION PRIVACY ACT

The State of Illinois enacted BIPA in 2008 to regulate the collection, possession and destruction of "biometric identifiers" and "biometric information" by private entities in Illinois. 740 ILCS 14/15. "Biometric identifiers" are defined to include a "retina or iris scan, fingerprint,

2

voiceprint, or scan of hand or face geometry." *See* 740 ILCS 14/10; *see* Complaint, ¶20. "Biometric information" means "any information … based on an individual's biometric identifier used to identify an individual." *Id*; *id.*

Section 15(b) of BIPA requires private entities (like defendant) to obtain the informed consent of individuals after advising them that their "biometric identifier or biometric information is being collected or stored" and the "specific purpose and length of term for which [it] is being collected, stored and used." 740 ILCS 14/15(b). Section 15(b) also requires private entities to develop a written policy that establishes a retention schedule and guidelines for the destruction of biometric identifiers or biometric information. *Id.*

Section 20 of BIPA gives persons aggrieved by a violation of the Act a private right of action to sue for statutory damages of $1,000 per negligent violation, $5,000 per intentional violation, actual damages (if greater than the statutory damages), injunctive relief, attorney's fees and costs. Cases involving BIPA began to be filed in 2015, the year plaintiff's employment ended with US Cold Storage.

## ALLEGATIONS RELEVANT TO THE MOTION TO DISMISS

For purposes of this motion to dismiss, we assume all well-pled facts are true. US Cold Storage employed plaintiff "from 2011 to in or around April 2015." (Complaint, ¶8). The Complaint was filed on November 7, 2017. (ECF No. 1).

"US Cold implemented its biometric system in or around mid-2012" and "[p]laintiff was required to scan his fingerprint and/or handprint so that US Cold could use it as an authentication method to track his time." (*Id*. at ¶32). US Cold Storage used this "biometric time tracking system … as a means of authentication, instead of key fobs or identification cards." (Id. at ¶¶2, 32). "At each location where Plaintiff worked …, US Cold's practices regarding its biometric systems are identical." (*Id*. at ¶31). "Workers have to use their

3

fingerprints and/or handprints to 'punch' in to or out of work, in addition to punching in the last four digits of their social security numbers." (*Id*. at ¶25). "Each time Plaintiff began and ended his workday he was required to scan his fingerprint and/or handprint." (*Id*. at ¶34).

"BIPA is simply an informed consent statute." (*Id.* at ¶21). Yet, US Cold Storage never informed plaintiff of the "specific limited purposes or length of time for which US Cold collected, stored, or used his fingerprint and/or handprint," never gave him a "biometric data retention policy" and never had him "sign[] a written release allowing US Cold to collect or store his fingerprint and/or handprint." (*Id*. at ¶¶35-37). By collecting, storing and using his fingerprint/handprint without his informed, written consent, US Cold Storage violated plaintiff's "right[] to privacy in [his] biometric identifiers and biometric information." (*Id*. at ¶59).

Count I asserts a statutory penalty and/or personal injury claim against defendant for allegedly collecting plaintiff's biometric identifier/biometric information without the disclosures and written consent required by BIPA. Count II alleges a personal injury (negligence) claim against defendant for purportedly breaching its duty to collect, store and use plaintiff's biometric identifier/biometric information in compliance with BIPA.

## THE COMPLAINT IS TIME-BARRED BY THE TWO-YEAR STATUTE OF LIMITATIONS

Section 13-202 of the Illinois Code of Civil Procedure provides for a two-year statute of limitations for actions for personal injuries or statutory penalties:

> Sec. 13-202. Personal injury - Penalty. Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for a statutory penalty, …, shall be commenced within 2 years next after the cause of action accrued….

35 ILCS 5/13-202.[2]

---

[2] Because Count I pleads an invasion of plaintiff's right to privacy, it may be subject to an even shorter one-year statute of limitations for publication of matter violating the right of privacy, 735 ILCS 5/13-201.

4

In Illinois, a cause of action for personal injury accrues "when a person knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused." *Witherell v. Weimer*, 85 Ill.2d 146, 156 (1981). This standard, however, does not mean the running of the limitations clock is postponed until plaintiff first obtains actual knowledge of defendant's negligent conduct or that the conduct is actionable. *Nolan v. Johns-Manville Asbestos*, 85 Ill.2d 161, 170-71 (1981) ("if knowledge of negligent conduct were the standard [for when a claim accrues], a party could wait to bring an action far beyond a reasonable time when sufficient notice has been received of a possible invasion of one's legally protected interest"); *Knox College v. Celotex Corp.*, 88 Ill.2d 407, 416 (1981) ("wrongfully caused" does not mean actual knowledge of defendant's negligent conduct or that an actionable wrong was committed).

Rather, "wrongfully caused" means "becoming possessed of sufficient information concerning an injury and its cause to put a reasonable person **on inquiry to determine whether actionable conduct was involved**." *Knox College*, 88 Ill.2d at 416 (emphasis added). At that point, "the burden is upon the injured person to inquire further as to the existence of a cause of action." *Witherell*, 85 Ill.2d at 156.

Here, the Complaint alleges that plaintiff was employed "from 2011 to in or around April 2015." (Complaint, ¶8). Yet, the Complaint was filed on November 7, 2017, more than two years after plaintiff's employment ended and more than five years after plaintiff knew or should have known of his BIPA claims. This lawsuit is, therefore, untimely.

BIPA was passed in 2008. All persons, including plaintiff, are presumed to know the law. *Upton v. Tribilcock*, 91 U.S. 45, 50 (1875) ("The law is presumed to be equally within the knowledge of all parties"); *Livingston v. Meyers*, 6 Ill.2d 325, 334 (1955) (in construing and applying a statute, "[i]t must be presumed that people will know the law and abide by its

requirements to protect their property interests"); *United States v. Byrza*, 522 F.2d 414, 423 (7th Cir. Aug. 25, 1975) ("Under our system of jurisprudence it has long been well established that every man is presumed to know the law"). *Bayo v. Napolitano*, 593 F.3d 495 (7th Cir. Jan. 20, 2010) ("the presumption of knowledge of the law [is] ubiquitous in our legal system"); *Macias v. Comm'r of Internal Revenue*, 255 F.2d 23, 28 (7th Cir. 1958) ("the citizen is presumed to know the law"); *In re Pourdas*, 206 B.R. 516, 520 (S.D. Ill. 1997) ("All persons are presumed to know the law").

Thus, plaintiff was on notice of the potential right of action BIPA gave him upon the statute's enactment. He cannot excuse his failure to timely file within the two-year statute of limitations on any lack of knowledge of BIPA. *See, e.g.*, *Barlow v. United States*, 32 U.S. 404, 411 (1833) ("The whole course of the jurisprudence, criminal as well as civil, of the common law, points to a … common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally"); *LeGout v. LeVieux*, 338 Ill.46 (1929) (dismissing counter-claim as untimely where appellant admitted he had full knowledge of the facts but his "only excuse" was "ignorance of the law;" "Ignorantia legis neminem excusat is an old maxim, which is applied in this state as to ignorance of the laws of this state…. It would be impossible to administer the law if ignorance of its provisions were a defense thereto or could be used as an excuse for non-compliance").

It is undisputed that BIPA had been in effect for four years at the time plaintiff began using the biometric time clocks at US Cold Storage in 2012. "In or around mid-2012," U.S. Cold Storage "required" plaintiff to "scan his fingerprint and/or handprint" in the "time clocks" so it could authenticate his identity and track his time. (Complaint at ¶¶2, 32). At that time, plaintiff was presumed to know the law and that BIPA required certain disclosures, a policy and his written consent. Yet, as of that date, plaintiff alleges that US Cold Storage never gave him

these disclosures, never gave him a "biometric data retention policy" and never had him "sign[] a written release allowing US Cold to collect or store his fingerprint and/or handprint." (*Id*. at ¶¶35-37).

Accordingly, under the standard set forth by the Illinois Supreme Court, plaintiff's allegations show that he either knew or should have known of the injury to his privacy rights (that his biometric information was being collected without the disclosures and written consent required by BIPA) and that it was wrongfully caused (by US Cold Storage's purported failure to comply with BIPA). Plaintiff plainly knew (and alleged) that he did not sign a consent form before his employer began collecting his fingerprint or handprint in mid-2012. He also alleged his employer never gave him a policy that explained how it would collect, store and use his biometric information. Plaintiff had the same knowledge in mid-2012 – almost 5.5 years before he filed this lawsuit – as he does now. As the Illinois Supreme Court explained in *Knox College*, 88 Il.2d at 416, plaintiff had sufficient knowledge or information to "put a reasonable person on inquiry to determine whether actionable conduct was involved" in mid-2012. Thus, plaintiff's claims accrued in mid-2012, shortly after he began using defendant's biometric time clocks.

Whether the two-year limitations period is calculated from the termination of plaintiff's employment or the accrual of the cause of action in mid-2012, this lawsuit is untimely and must be dismissed under Rule 12(b)(6) for failure to state a claim. Because plaintiff waited more than five years after his lawsuit accrued in mid-2012 and more than two years after his employment ended in 2015, his November 7, 2017 lawsuit is untimely under Section 13-202 of the Illinois Code of Civil Procedure and must be dismissed.

## CONCLUSION

For all the above reasons, defendant U.S. Cold Storage respectfully requests that the Complaint be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim because it was not filed within the two-year statute of limitations.

Respectfully submitted,

UNITED STATES COLD STORAGE, INC.

By: /s/ Anne E. Larson
   One of Its Attorneys

Anne E. Larson (ARDC No. 6200481)
Dana Perminas (ARDC No. 6298057)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
155 North Wacker Drive, Suite 4300
Chicago, IL 60606
312-558-1220 - Office
312-807-3619 –Facsimile
anne.larson@ogletree.com
dana.perminas@ogletree.com

Dated: January 8, 2017

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on January 8, 2018, the foregoing *Memorandum in Support of Defendant's Rule 12(b)(6) Motion to Dismiss* was filed electronically with the Clerk of Court using the ECF system, which sent notification of such filing to the following:

>Alejandro Caffarelli
>Lorrie T. Peeters
>Caffarelli & Associates Ltd.
>224 S. Michigan Avenue, Suite 300
>Chicago, Illinois 60604
>*acaffarelli@caffarelli.com*
>*lpeeters@caffarelli.com*

/s/ Anne E. Larson

32473018.2

9