UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD MCGINNIS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 17 C 08054 |
| v. | ) ) ) | Judge Edmond E. Chang |
| UNITED STATES COLD STORAGE, INC., | ) ) | |
| Defendant. | ) | |

### ORDER

In this brought under the Biometric Information and Privacy Act, 740 ILCS 14/1 *et seq.* (the Act), United States Cold Storage originally stated that it was going to file a motion to dismiss the complaint for lack of standing. *See* R. 10 at 3. But Cold Storage then purported to concede the standing issue and filed a motion to dismiss Plaintiff Richard McGinnis' claims as time-barred. R. 12, Def.'s Mot. Dismiss at 1 & n.1.

The problem with this concession on standing is that this Court has an independent obligation to ensure that it has subject matter jurisdiction over a case before deciding the merits. *See United States v. $304,980.00 in U.S. Currency*, 732 F.3d 812, 817 (7th Cir. 2013). True, the Supreme Court has held that a court need not establish subject matter jurisdiction when there is another "threshold grounds for denying audience to a case on the merits." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431-32 (2007) (non-merits, threshold grounds for dismissal include abstention and *forum non conveniens*); *see also Meyers v. Oneida Tribe of Indians of Wis.*, 836 F.3d 818, 822 (7th Cir. 2016) (sovereign immunity is a non-merits threshold question that may be decided before establishing subject matter jurisdiction). But unlike non-merits questions such as abstention, *forum non conveniens*, and sovereign immunity, a decision based on the statute of limitations *is* a final judgment on the merits of a claim (it also has claim-preclusion effects). *See Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996). So this Court cannot decide Cold Storage's motion on the statute of limitations before establishing that it has subject matter jurisdiction over McGinnis's claims.

A substantial question remains as to whether McGinnis has adequately alleged an injury-in-fact sufficient to establish standing. *See Aguilar v. Rexnord LLC*, 2018 WL 3239715, at *4 (N.D. Ill. July 3, 2018) (holding plaintiff-employee had not established an injury-in-fact and remanding plaintiff's allegations that defendant-

employer violated the Act's notice and consent violations by collecting and storing plaintiff's fingerprints); *Goings v. UGN, Inc.*, 2018 WL 2966970, at *2 (N.D. Ill. June 13, 2018) (same); *Howe v. Speedway LLC*, 2018 WL 2445541, at *7 (N.D. Ill. May 31, 2018) (same); *Dixon v. Washington & Jane Smith Cmty.-Beverly*, 2018 WL 2445292, at *9 (N.D. Ill. May 31, 2018) (holding the plaintiff had established an injury-in-fact by alleging that defendant-employer disclosed plaintiff's fingerprint data to a third party without informing the plaintiff).

The facts and allegations in *Aguilar* are very similar to those in this case: the plaintiff-employee alleged that his employer violated the Act's notice and consent requirements when collecting and storing his fingerprints. 2018 WL 3239715, at *1. The court *sua sponte* remanded the case to state court, holding that the plaintiff did not establish that he had suffered an injury-in-fact, either from a procedural statutory violation of the Act or for the privacy and emotional injuries pleaded in the complaint. *Id.* at *3-4. On the statutory violation, the court reasoned that the defendant-employer's violations of the Act's notice and consent provisions did not, without more, create a risk of disclosure and thus there was no "appreciable risk of harm" to plaintiff's right to privacy in his fingerprints, and also that the plaintiff knew his biometric information was being collected, even without formal notice or consent. *Id.* at *3. The court further reasoned that the privacy and emotional injuries were conjectural because the plaintiff did not allege that the employer disclosed his biometric information, and there were no facts alleged from which to infer a risk of disclosure. *Id.* at *4. This reasoning could apply to McGinnis's claims, but it is a close enough question (and *Aguilar* is not binding) that it is worth allowing the parties to brief the issue if they dispute whether standing exists.

By October 15, 2018, Cold Storage shall file a position paper that either argues that McGinnis has adequately alleged Article III standing or expressly concedes the issue. If Cold Storage argues that there is no standing, then the Court will set a briefing schedule on the issue. If Cold Storage concedes standing, then McGinnis shall file a position paper that argues in support of standing by October 22, 2018, and the Court will assess the issue without an argument by Cold Storage against standing. The current motion to dismiss, R. 12, is terminated for now, but can be renewed if it is determined that subject matter jurisdiction exists. The status hearing of October 4, 2018 is reset to October 19, 2018, at 8:30 a.m., but the Court will likely reset the status hearing after reviewing what Cold Storage files on October 15.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 30, 2018