IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD MCGINNIS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 17cv8054 |
| v. | ) ) | Judge Edmond E. Chang |
| UNITED STATES COLD STORAGE, INC., | ) ) | Magistrate Judge Sheila Finnegan |
| Defendant. | ) | |

### DEFENDANT'S STATEMENT OF POSITION ON
### ARTICLE III STANDING

On September 30, 2018, this Court directed defendant United States Cold Storage, Inc. ("US Cold Storage") to file its statement of position on whether plaintiff Richard McGinnis ("McGinnis") has adequately alleged Article III standing. Based on recent decisions in the Northern District of Illinois ("NDIL"), McGinnis has not adequately alleged Article III standing because he has not alleged any real world harm – just an alleged technical violation and mental anguish over a completely hypothetical and speculative future harm that has not occurred and can never occur. *See Howe v. Speedway LLC*, 2018 WL 2445541 (N.D. Ill. May 31, 2018), citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013).

Defendant acknowledges that in *Dixon v. Washington & Jane Smith Community-Beverly*, 2018 WL 2445292 (N.D. Ill. May 31, 2018), the court held that the "alleged violation of Dixon's right to privacy in her biometric data is a sufficiently concrete injury for Article III standing." However, *Dixon* did not address whether such "mental anguish" qualified as an injury in fact. The weight of persuasive authority indicates that it does not.

### A. The Complaint Asserts a Technical Violation of Section 15 and Alleged Mental Anguish Over a Hypothetical and Speculative Future Harm.

Section 15 of the Biometric Information Privacy Act ("BIPA") identifies four potential statutory violations. They include: (1) Section 15(b)'s notice and consent requirements; (2) Section 15(d)(1)-(2)'s additional consent requirements to avoid an unauthorized disclosure; (3) Section 15(e)'s data protection requirements for storing, transmitting and protecting biometric identifiers and biometric information from unauthorized disclosure; and (4) Section 15(a)'s requirement that private entities disseminate a written policy addressing retention and timely destruction of individuals' biometric identifiers and biometric information. *See* 740 ILCS 15.

Section 20 of BIPA gives "[a]ny person aggrieved by a violation of this Act" a private "right of action." *See* 740 ILCS 20.

On November 7, 2017, McGinnis filed a putative class action in the NDIL that asserted that US Cold Storage required him to use a biometric time tracking system to clock-in/out to accurately record his time worked. (*See* Complaint, ECF No. 1). The Complaint does not allege that defendant collected McGinnis' fingerprints surreptitiously or that McGinnis did not know US Cold Storage was using a biometric time tracking system to track his time worked. It pleads the opposite: "US Cold implemented its biometric system in or around mid-2012" and "[p]laintiff was required to scan his fingerprint and/or handprint so that US Cold could use it as an authentication method to track his time." (ECF No. 1, ¶32). US Cold Storage used this "biometric time tracking system … as a means of authentication, instead of key fobs or identification cards." (*Id*. at ¶¶3, 32).

Significantly, the Complaint does not allege that US Cold Storage sold, leased, traded or profited from McGinnis' biometric identifiers or biometric information or engaged in any other unauthorized disclosures of said data. The Complaint also does not allege that a data breach

2

occurred at US Cold Storage or that McGinnis' biometric information was hacked and has now fallen into the wrong hands.

Instead, the Complaint alleges a technical violation of Section 15 and "mental anguish" over some speculative, future harm that has not occurred and can never occur:

> Plaintiff has experienced bodily injury in the form of mental anguish. For example, Plaintiff experiences mental anguish and injury when thinking about what would happen to his biometric data if US Cold went bankrupt, whether US Cold's biometric system is susceptible to hacking or other theft, whether US Cold will ever delete his biometric information, and whether (and to whom) US Cold shares his biometric information."

(*Id*. at ¶39).

### B. Mental Anguish Over a Speculative and Hypothetical Future Harm Cannot Support Article III Standing.

To establish standing under Article III of the United States Constitution, plaintiff must have (1) suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To establish an "injury in fact," plaintiff must show that he suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 1548.

Plaintiff does not automatically possess an injury in fact just because "a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 1549. Rather, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* The alleged injury must not be too speculative for Article III purposes – *i.e.*, a "threatened injury must be *certainly impending* to constitute injury in fact" and "[a]llegations of possible future injury" are not sufficient. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis in the original).

3

In *Howe v. Speedway LLC*, 2018 WL 2445541, *5-6 and *9 (N.D. Ill. May 31, 2018) (Wood, J.), the district court held that the technical BIPA violations pled by plaintiff "did not cause him an injury-in-fact" for purposes of Article III standing. Like the technical violations and speculative future injury pled by McGinnis, Howe alleged that he "suffers mental anguish over his uncertainty regarding what Speedway will do with his biometric data" but "makes no allegations that his data was compromised or is likely to be compromised." *Id.* at *5. The *Howe* court held that mental anguish over a speculative, hypothetical future harm cannot support Article III standing:

> This type of mental anguish injury is precisely the type of conjectural or hypothetical injury that cannot support Article III standing. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416, 133 S.Ct. 1138, 185 L.Ed.2d 264 (2013) ("[R]espondents cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending."); *Whitmore v. Arkansas*, 495 U.S. 149, 158, 110 S.Ct. 1717, 109 L.Ed.2d 135 ("Allegations of possible future injury do not satisfy the requirements of Art. III.").

*Id.* at *5-6. *See also Goings v. UGN, Inc.*, 2018 WL 2966970, *5 (N.D. Ill. June 13, 2018) (Bucklo, J.) ("the privacy and emotional injuries plaintiff alleges are too speculative and abstract to support Article III standing. And because BIPA is not essentially concerned with information disclosure, … plaintiff's alleged violation of BIPA's notice provisions is insufficient, on its own, to support federal jurisdiction")

Applying *Howe* and *Goings*, McGinnis' allegations of hypothetical future harm do not support Article III standing. Moreover, defendant's Answer demonstrates that this kind of hypothetical and speculative future harm can never occur, as US Cold Storage timely destroyed McGinnis' biometric information as required by Section 15(a) of BIPA. (*See* Answer, ¶¶35-36, ECF No. 14).

In *Rosenbach v. Six Flags Entertainment Corp.*, 2017 IL App (2d) 170317 (2d Dist. Dec. 21, 2017), the Illinois Second District Appellate Court held that plaintiff must allege some actual harm – not just a violation of the Act – to be a "person aggrieved by a violation of this Act." There, plaintiff pled a technical violation of Section 15(b)'s notice and consent requirement but no harm or injury. *Id.* at ¶ 20. The *Rosenbach* court dismissed the case and explained that if every technical violation of BIPA was actionable, it would render "superfluous" the requirement that a person be "aggrieved by a violation of this Act." *Id.*

On May 30, 2018, the Illinois Supreme Court granted plaintiff Rosenbach's petition for leave to appeal. Since then, many courts have stayed BIPA lawsuits pending the Illinois Supreme Court's decision in *Rosenbach*. Surprisingly, on September 28, 2018, the First District Appellate Court went ahead and ruled on an appeal of another BIPA class action dismissed following *Rosenbach*. *See Sekura v. Krishna Schaumburg Ta*n, Inc., 2018 IL App (1st) 180175 (1st Dist. Sept. 28, 2018). The *Sekura* Court relied on *Dixon's* determination that BIPA "create[s] a legal right to privacy in personal biometric data" and held that any violation of BIPA "constitute[s] an injury to this right and thereby conferred standing, even under *Rosenbach*." *Id.* at ¶77, citing *Dixon*, 2018 WL 2445292, *9-10, 12. The *Sekura* Court added: "To be clear, we find that the statutory violations to plaintiff's privacy constituted harm even without disclosure, but the disclosure in the case at bar makes it distinguishable from *Rosenbach*." *Id.* at ¶77.

With no supporting analysis, the *Sekura* Court added that the complaint's allegations of "mental anguish" could constitute an actionable injury. *Id.* at ¶78. The U.S. Supreme Court, by contrast, has held that the same hypothethical and speculative future harm alleged by Sekura[1] was

---

[1] The complaint in *Sekura* alleges: "As a result of [defendant]'s conduct, Sekura has suffered emotional upset, mental anguish, and mental injury. For example, Sekura experiences mental anguish and injury when thinking about what would happen to her biometric data if [defendant] goes bankrupt, if [defendant]'s franchisor, L.A. Tan Enterprises, Inc., goes bankrupt, whether [defendant] will ever delete her biometric

insufficient to show an injury in fact to confer standing. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013) ("respondents cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending").

In *Maglio v. Advocate Health & Hospitals Corp.*, 2015 IL App (2d) 140782, ¶25-30 (2d Dist. 2015), the Illinois Appellate Court explained that Illinois standing principles are similar to federal standing and held that plaintiffs did not have standing to bring two putative class actions for invasion of privacy following the theft of four of defendants' password-protected computers containing information relating to 4 million patients. The *Maglio* Court rejected plaintiffs' argument that the "medical information at issue warrants a finding that harm is implicit." *Id.* at ¶27. The Court found that plaintiffs alleged no actual injury – only a speculative fear that the information inside the stolen computers was accessed, bought and sold. The allegations pled no imminent, certainly impending harm such as public disclosure or identity theft in the two years following the burglary. *Id.* at ¶29-30.

*Sekura* and *Dixon* are out of step with *Rosenbach*, *Maglio* and the NDIL decisions cited above. The U.S. Supreme Court has held that "statutes that focus on the person regulated rather than the individuals protected create 'no implication of an intent to confer rights on a particular class of persons.'" *Alexander v. Sandoval*, 532 U.S. 275, 289 (2001). Here, the only "right" mentioned in BIPA is the "right of action" set forth in Section 20. Section 15 of BIPA, by contrast, does not create any rights but imposes legal obligations on private entities that collect biometric identifiers and biometric information.

*Sekura* and *Dixon* attempt to distinguish *Rosenbach* and these NDIL cases by contending that the *Sekura* and *Dixon* plaintiffs alleged not only a technical "notice and consent" violation,

---

data, and whether (and to whom) [defendant] shares her biometric data." *Sekura*, 2018 IL App (1st) 180175, ¶78.

6

but also an "unauthorized disclosure" because defendant allegedly shared Dixon's biometric information with its payroll vendor, Kronos, without first obtaining her consent. *See* 740 ILCS 15(d)(1)-(2) (consent required to avoid an unauthorized disclosure).

*Dixon* correctly states that "plaintiff may not 'allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* at *8. Yet, *Dixon* contained no analysis of what concrete injury or harm resulted from the purported disclosure to Kronos without plaintiff's consent. *Id.* at *8-9. Instead, *Dixon*'s analysis (which *Sekura* follows) collapses the alleged BIPA violation with the alleged injury and treats them as if they are the same, when they are not. *Id.* at *9 (disclosing "Dixon's fingerprint data to Kronos without informing her" constituted "an injury in fact for standing purposes"). Whether BIPA was violated is wholly separate from whether plaintiff was harmed by the alleged violation and whether that harm is an "injury in fact" sufficient to confer standing.

Payroll vendors typically are privy to all kinds of confidential information such as employees' social security and checking account numbers and have strong protocols and practices in place to protect such data. Without any clear allegation of harm or injury in fact, the alleged Section 15 violations remain purely technical violations.

For all the above reasons, it is defendant's position that McGinnis has not adequately alleged Article III standing – just an alleged technical violation and mental anguish over a completely hypothetical and speculative future harm that has not occurred and can never occur.

Respectfully submitted,

UNITED STATES COLD STORAGE, INC.

By: /s/ Anne E. Larson
One of Its Attorneys

Anne E. Larson (ARDC No. 6200481)
Dana Perminas (ARDC No. 6298057)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
155 North Wacker Drive, Suite 4300
Chicago, IL 60606
312-558-1220 - Office
312-807-3619 –Facsimile
anne.larson@ogletree.com
dana.perminas@ogletree.com

Dated:  October 15, 2018

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on October 15, 2018, the foregoing ***Defendant's Statement of Position on Article III Standing*** was filed electronically with the Clerk of Court using the ECF system, which sent notification of such filing to the following:

>Alejandro Caffarelli
>Lorrie T. Peeters
>Caffarelli & Associates Ltd.
>224 S. Michigan Avenue, Suite 300
>Chicago, Illinois 60604
>*acaffarelli@caffarelli.com*
>*lpeeters@caffarelli.com*

>/s/ Anne E. Larson

35809381.1