## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| RICHARD MCGINNIS, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES COLD STORAGE, INC.,<br><br>      Defendant. | Case No. 1:17-cv—08054<br><br>**Hon. Edmond E. Chang**<br><br>Magistrate Judge Finnegan |

### PLAINTIFF'S STATEMENT OF POSITION ON ARTICLE III STANDING

Plaintiff Richard McGinnis filed the instant federal class action Complaint on November 7, 2017, alleging that Defendant violated the Biometric Information Privacy Act ("BIPA") in several different ways with respect to the collection, storage, and use of its workers' biometric data. (D.E. 1.) Plaintiff alleged that BIPA is an informed consent statute (Id. ¶¶ 17, 21), that the alleged violation of BIPA was a violation of the Plaintiff's and Class Members' privacy rights (Id. ¶¶ 4, 6, 29, 59), and that he suffers mental anguish as a result of the Defendant's conduct (Id. ¶¶ 39, 67).

Plaintiff disagrees with the Defendant's conclusion that McGinnis failed to allege an "injury in fact" supporting Article III standing. In fact, Plaintiff has alleged two: (1) the invasion of Plaintiff's privacy rights, as codified in BIPA; and (2) the actual (not hypothetical) mental anguish that Plaintiff has suffered as a result of the Defendant's conduct. See Sekura v. Krishna Schaumburg Tan, Inc., 2018 IL (1st) 180175, ¶¶ 77-80, 85 (1st Dist. Sept. 28, 2018) (BIPA "create[s] a legal right to privacy in personal biometric data" and any violation of BIPA "constitute[s] an injury to this right and thereby confer[s] standing," and also finding that

allegations of "mental anguish" may constitute an actionable injury) citing Dixon v. Washington & Jane Smith Community-Beverly, 2018 WL 24445292 (N.D. Ill. May 31, 2018). The reasoning of the Sekura court dispenses with the Defendant's primary argument that a "technical violation" of BIPA cannot form the basis for an Article III "injury in fact":

> [T]he whole purpose of [BIPA] is to prevent any harm from occurring in the first place, thereby reassuring the public, who will then be willing to participate in this new technology. Waiting until the harm has already occurred is too late because, as the drafters found, once a person's biometric identifiers have been compromised, there is simply "no recourse" for prevention. 740 ILCS 14/5(c) (West 2016). A person cannot obtain new DNA or new fingerprints or new eyeballs for iris recognition, at least not easily or not at this time. Replacing a biometric identifier is not like replacing a lost key or a misplaced identification card or a stolen access code. The Act's goal is to prevent irretrievable harm from happening and to put in place a process and rules to reassure an otherwise skittish public. Forcing a member of the public to wait until after an irretrievable harm has already occurred in order to sue would confound the very purpose of the Act.

Sekura, 2018 IL (1st) 180175, at $59. In light of this legislative intent and upon analysis of the interpretation and application of analogous statutory language in Illinois, the Sekura court concluded that the plaintiff in that case could "sue for a violation of the Act without proving additional harm." Id. ¶ 72.

Plaintiff believes this is a straightforward analysis, and that based on the most recent and compelling jurisprudence it is clear that the Court has Article III jurisdiction over the claim.

Dated: October 31, 2018                    Respectfully submitted,

Alejandro Caffarelli (#6239078)            RICHARD MCGINNIS, individually and on
Lorrie T. Peeters (#6290434)               behalf of all others similarly situated,
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Ste. 300
Chicago, IL 60604                          By: /s/ Alejandro Caffarelli
Tel. (312) 763-6880                            Attorney for the Plaintiff

2

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on October 31, 2018, the foregoing Plaintiff's Statement of Position on Article III Standing was filed electronically with the Clerk of Court using the ECF system, which sent notification of such filing to:

> Anne E. Larson, Esq.
> Dana Perminas, Esq.
> Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
> 155 N. Wacker Dr., Ste. 4300
> Chicago, IL 60606
> Ph. (312) 807-3619
> Dana.perminas@ogletree.com

/s/ Alejandro Caffarelli
One of Plaintiff's Attorneys